STATE OF CONNECTICUT *v.* NATHAN J.[1]
(AC 26194)

McLachlan, Lavine and West, Js.

Argued October 25, 2006—officially released February 27, 2007

[1] In accordance with our policy of protecting the privacy interests of the victims of the crime of risk of injury to a child, we decline to identify the victim or others through whom the victim's identity may be ascertained. See General Statutes § 54-86e.

*Richard E. Condon, Jr.*, assistant public defender, for the appellant (defendant).

*Toni M. Smith-Rosario*, assistant state's attorney, with whom, on the brief, were *Jonathan C. Benedict*, state's attorney, and *Judy Ann Stevens*, senior assistant state's attorney, for the appellee (state).

*Opinion*

WEST, J. The defendant, Nathan J., appeals from the judgment of conviction, rendered after a jury trial, of risk of injury to a child in violation of General Statutes § 53-21 (a) (1).[2] On appeal, the defendant claims that the trial court improperly instructed the jury that the justification defense of reasonable physical force by a parent for the purpose of maintaining discipline, as provided by General Statutes § 53a-18 (1),[3] does not

---

[2] General Statutes § 53-21 (a) provides in relevant part: "Any person who (1) wilfully or unlawfully causes or permits any child under the age of sixteen years to be placed in such a situation that the life or limb of such child is endangered, the health of such child is likely to be injured or the morals of such child are likely to be impaired, or does any act likely to impair the health or morals of any such child . . . shall be guilty of a class C felony . . . ."

[3] General Statutes § 53a-18 provides in relevant part: "The use of physical force upon another person which would otherwise constitute an offense is justifiable and not criminal under any of the following circumstances: (1) A parent, guardian or other person entrusted with the care and supervision of a minor . . . may use reasonable physical force upon such minor . . . when and to the extent that he reasonably believes such to be necessary to maintain discipline or to promote the welfare of such minor . . . ."

apply to the crime of risk of injury to a child. We reverse the judgment of the trial court.

In late December, 2003, the defendant was notified that his eleven year old son, the victim, had pushed a teacher at school. The defendant went to the school and met with that teacher, the principal and the victim. At the end of that meeting, the principal decided that the matter had been resolved. The next day, the victim went to school with a bruise under his right eye. The department of children and families sent a social worker to the school to investigate, and the victim told the social worker that the defendant had punched him in his right eye. The principal telephoned the defendant and asked him to come to the school, but he declined to do so. The victim then went to reside with his mother, who did not live with the defendant.

The state charged the defendant with risk of injury to a child, assault in the third degree in violation of General Statutes § 53a-61 (a) (1) and disorderly conduct in violation of General Statutes § 53a-182 (a) (2). At trial, the victim's testimony contradicted his statement to the social worker that the defendant had punched him in his right eye. The victim testified that the defendant was angry and was going to discipline him after learning that he had pushed a teacher at school. According to the victim, the defendant grabbed him by his shirt, and the victim then ducked and scraped his face against a ring on the defendant's finger, resulting in the bruise under his right eye.

After the close of the evidence, the defendant requested that the court instruct the jury on the justification defense of reasonable physical force by a parent for the purpose of maintaining discipline. The court agreed to instruct the jury on that defense as to the charges of assault in the third degree and disorderly conduct, but the court determined that that defense did

not apply to the charge of risk of injury to a child. The jury subsequently returned a verdict of not guilty on the charges of assault in the third degree and disorderly conduct, and a verdict of guilty on the charge of risk of injury to a child. The court rendered judgment in accordance with the verdict and sentenced the defendant to a total effective term of one year incarceration, execution suspended after ninety days, followed by two years probation. This appeal followed.

The defendant's sole claim on appeal is that the court improperly instructed the jury on the crime of risk of injury to a child. The defendant argues that the court should have instructed the jury that the justification defense of reasonable physical force by a parent for the purpose of maintaining discipline applies to that crime. "Due process requires that a defendant charged with a crime must be afforded the opportunity to establish a defense. . . . This fundamental constitutional right includes proper jury instructions on the elements of [the defense] so that the jury may ascertain whether the state has met its burden of proving beyond a reasonable doubt that the [crime charged] was not justified." (Internal quotation marks omitted.) *State* v. *Morgan*, 86 Conn. App. 196, 202–203, 860 A.2d 1239 (2004), cert. denied, 273 Conn. 902, 868 A.2d 746 (2005). "When a challenge to a jury instruction is of constitutional magnitude, the standard of review is whether it is reasonably possible that the jury [was] misled. . . . [T]he charge to the jury is not to be critically dissected for the purpose of discovering possible inaccuracies of statement, but it is to be considered rather as to its probable effect upon the jury in guiding [it] to a correct verdict in the case. . . . The charge is to be read as a whole and individual instructions are not to be judged in artificial isolation from the overall charge. . . . The test to be applied . . . is whether the charge, considered as a whole, presents the case to the jury so that no injustice

will result." (Internal quotation marks omitted.) *State v. Gaymon*, 96 Conn. App. 244, 247, 899 A.2d 715, cert. denied, 280 Conn. 906, 907 A.2d 92 (2006).

Examining the plain language of the risk of injury statute, § 53-21 (a) (1), and the statute providing for the justification defense of reasonable parental discipline, § 53a-18 (1), we can discern no apparent reason to bar the application of § 53a-18 (1) to a charge under § 53-21 (a) (1). Furthermore, General Statutes § 53a-16 provides that "[i]n any prosecution for an offense, justification, as defined in sections 53a-17 to 53a-23, inclusive, shall be a defense." The state points out, however, that our Supreme Court has placed a judicial gloss on the risk of injury statute and that the trial court in the present case properly instructed the jury on that gloss. "[T]he risk to health prohibited by § 53-21 is limited to blatant physical abuse that endangers a child's physical well-being . . . ." (Citation omitted; internal quotation marks omitted.) *State v. Kulmac*, 230 Conn. 43, 72–73, 644 A.2d 887 (1994). The state argues that that gloss causes the risk of injury statute to prohibit conduct that is logically inconsistent with the defense of reasonable parental discipline. In the state's view, "blatant physical abuse that endangers a child's physical well-being"; (internal quotation marks omitted) id.; is necessarily unreasonable, and, therefore, an instruction on reasonable parental discipline does not apply to a charge of risk of injury to a child. We disagree with the state because there is a possibility that conduct charged under the risk of injury statute could be justified under the defense of reasonable parental discipline. We need not determine whether the facts of the present case constitute such a possibility. Instead, the issue before us is whether it is reasonably possible that the court's failure to instruct the jury on the defense of reasonable parental discipline as to the charge of risk of injury to a child may have misled the jury and resulted in injustice.

Two considerations lead us to determine that it is reasonably possible that the jury was misled and that injustice resulted. First, the court did not instruct the jury that conduct constituting "blatant physical abuse that endangers a child's physical well-being"; (internal quotation marks omitted) id.; must involve the use of unreasonable physical force. If the court had instructed the jury that unreasonable physical force was required to prove a violation of the risk of injury statute, the state's argument in this appeal would have been stronger. Second, the conduct underlying the charges of assault in the third degree and disorderly conduct was the same as the conduct underlying the charge of risk of injury to a child. The court instructed the jury that it could apply the defense of reasonable parental discipline to the assault in the third degree and disorderly conduct charges but not to the risk of injury charge. The jury then found the defendant not guilty of assault in the third degree and disorderly conduct but found him guilty of risk of injury to a child. The probable effect of the court's instructions on the jury was that the defendant had no defense to the risk of injury charge if the jury found that he had used physical force on the victim. As we have determined, however, the defense of reasonable parental discipline applies to a charge under the risk of injury statute. We therefore conclude that it is reasonably possible that the jury was misled and that injustice resulted.[4] The defendant must

[4] We also disagree with the state's alternative argument that the court was not required to instruct the jury on the defense of reasonable parental discipline because the defendant's theory of defense focused on accidental physical contact rather than intentional discipline, and there was no evidence that the victim's injury resulted from parental discipline. Regardless of the state's characterization of the defendant's theory of defense, the evidence clearly indicated that the victim sustained his injury when the defendant decided to discipline him for pushing a teacher at school. "[A] defendant is entitled to have instructions presented relating to any theory of defense for which there is any foundation in the evidence, no matter how weak or incredible . . . ." (Internal quotation marks omitted.) *State* v. *Davis*, 261 Conn. 553, 573, 804 A.2d 781 (2002).

receive a new trial on the charge of risk of injury to a child.[5]

The judgment is reversed only as to the conviction of risk of injury to a child and the case is remanded for a new trial on that charge. The judgment is affirmed in all other respects.

In this opinion the other judges concurred.

---

[5] The defendant argues that he is entitled to a judgment of acquittal on the risk of injury charge because the state is collaterally estopped from relitigating that charge. "With respect to criminal cases . . . collateral estoppel is a protection included in the fifth amendment guarantee against double jeopardy." (Internal quotation marks omitted.) *State* v. *Santiago*, 275 Conn. 192, 201, 881 A.2d 222 (2005). "Collateral estoppel means simply that when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit." (Internal quotation marks omitted.) Id. "[C]ollateral estoppel precludes a party from relitigating issues and facts actually and necessarily determined in an earlier proceeding between the same parties or those in privity with them upon a different claim." (Internal quotation marks omitted.) Id., 201 n.17.

The defendant specifically contends that the jury must have found that he had exercised reasonable parental discipline because it found him not guilty of assault in the third degree and disorderly conduct. In the defendant's view, his claimed use of reasonable parental discipline is an issue of ultimate fact that has been determined by a valid and final judgment, and, therefore, his defense to the risk of injury charge already has been established. We disagree because the jury's verdict does not compel that conclusion. Instead of determining that the defendant had intended to discipline the victim, the jury could have determined that the victim's injury resulted from physical contact constituting a violation of the general intent crime of risk of injury to a child but not the specific intent crimes of assault in the third degree under General Statutes § 53a-61 (a) (1) and disorderly conduct under General Statutes § 53a-182 (a) (2).